# WHEELING.

PEERCE ET AL VS. CARSKADON.

1873.
June Term.

JAMES CARSKADON, PLAINTIF IN THE ACTION AND DEFENDANT IN ERROR, *against* JOHN T. PEERCE AND CHARLES WILLIAMS DEFENDANTS IN THE ACTION AND PLAINTIFFS IN ERROR.

Decided July 12th, 1873.

## SYLLABUS.

1. In a suit at law, in which an attachment had been sued out against the property of the defendants, and levied, and judgment had therein against the defendant on publication, the defendants appeared in the court, in which the judgment was rendered, within five years from the rendition of the judgment, and offered to file their petition in the case, asking for a re-hearing of the same without accompanying the petition with the affidavit prescribed in

such case by the Act of the Legislature passed on the 11th day of March 1865, which affidavit, so prescribed, is commonly known, and called "the suitors test oath." The court below refused to receive the petition, on the ground that the same was not accompanied with said affidavit and the supreme court of appeals of this state affirmed the judgment of the court below in refusing to receive the petition. Held by the Supreme Court of the, United States, upon a writ of error, that so much of said act of the Legislature as prescribes and requires said affidavit, is contrary to the Constitution of the United States, and is therefore null and void; and that the judgment of the Supreme Court of Appeals of the State of West Virginia in affirming the judgment of the court below, was erroneous and must be reversed.

2. The mandate of the Supreme Court of the United States reversing the judgment of the Supreme Court of Appeals of this State for the cause aforesaid, being presented to the Supreme Court of Appeals of this State, and asked to be entered of record, and the Supreme Court of Appeals of this State asked to reverse its judgment in the case and to conform its judgment to the judgment of the Supreme Court of the United States. HELD.

That it is the duty of the Supreme Court of Appeals of this State to cause the mandate from the Supreme Court of the United States in said case, to be entered of record, and to reverse its judgment, and conform the same to the judgment of the Supreme Court of the United States.

That in such case, it is proper for this Court to render judgment in favor of the appellants, here against the appellees for the amount of costs recovered by them against the appellee in the Supreme Court of the United States, (the said costs to be paid but once by the appellee, and also for their costs expended in this court, and also to reverse the judgment of the court below, and remand the cause to the court last named, with directions to receive the said petition for a re-hearing of the case without the said affidavit, and to grant the re-hearing prayed for in the petition without affidavit, unless legal, and sufficient reason other than the want of such affidavit be shown, why the prayer of the petition should not be granted, and further to proceed in the same as justice requires, and the law directs.

*Boggess* for Plaintiffs in error.

*Staunton, Allison* and *Brown* for Defendant in error.

HAYMOND, Judge.

In this case, Carskadon brought an action of trespass in the Circuit Court of the county of Preston against Peerce and Williams, and sued out an attachment therein against the property of the Defendants. Judgment was taken against the Defendants on publication. Afterwards, and within five years from the date of the judgment, Peerce and Williams appeared in the Court, and offered to file their petition for a re-hearing of the cause, which the Court refused, on the ground that the petitioners had failed to take and file with their petition the oath prescribed in such case, known as "the suitors test oath;" and the petition was not received. From this proceeding of the Circuit Court, an appeal was taken by Peerce and Williams; and the Supreme Court of Appeals of this State, at the January Term 1870 thereof, affirmed the judgment of the Circuit Court, and rendered judgment against Peerce and Williams for costs &c. The right of Peerce and Williams to file said petition for a re-hearing involved directly the question, whether so much of the act of the Legislature of this State, of the 11th of March 1865, prescribing and requiring the oath known and called "the suitors test oath" to be taken by the petitioners in such case, was contrary to the Constitution of the United States, and therefore void. The decision of the Supreme Court of Appeals of this State, was duly taken to the Supreme Court of the United States for review, by writ of error; and the Supreme Court of the United States upon due consideration reversed the judgment of the Supreme Court of Appeals of this State, because, in the language of Judge Field who delivered the opinion of the Court, "This case is covered in every particular by the decision of this Court in Cummins vs. the State of Missouri, and Ex parte Garland, reported in 4 Wallace." We understand from this,

47

that the Supreme Court of the United States reversed the judgment because so much of the act of 11th of March 1865, as prescribes what is called and known as "the suitors test oath" is contrary to, and against the provisions of the Constitution of the United States, and is void, and that by reason thereof, it was error in the Supreme Court of Appeals of this State to confirm the judgment of the Circuit Court of Preston county, by its judgment rendered on the 3rd day of March 1870. The mandate of the Supreme Court of the United States is now before us, and we are asked by Peerce and Williams, by their counsel, to comply with said mandate. We concur entirely in the correctness of the determination and decision of the Supreme Court of the United States aforesaid. The mandate of the Supreme Court of the United States must therefore be entered of record in this Court, and the judgment of the Supreme Court of Appeals of this State, of the 3rd day of March 1870, affirming the judgment of the said Circuit Court, must be reversed, and Peerce and Williams recover here against Carskadon their costs incurred in the prosecution of their writ of error in the Supreme Court of the United States, amounting to $80,-38, as appears to us by said mandate, (said costs to be collected but once from Carskadon.) The judgment of the Circuit Court of Preston county rendered in the cause must also be reversed, and Peerce and Williams recover judgment against Carskadon for their costs expended in this Court. And this Court proceeding to render such judgment as the Court below ought to have given, the cause must be remanded to the Circuit Court of Preston county with directions to receive the said petition of Peerce and Williams, for a re-hearing of the case, without the said test oath, and to grant the re-hearing prayed for without such affidavit, unless legal and sufficient reason other than the want of such oath or affidavit be shown why the prayer of the petition should not be granted;

and further to proceed in the same as justice requires, and the law directs.

HOFFMAN, PAULL and MOORE, Judges, concur in the foregoing opinion.